MADAME BEAUREAUX DE PUSEY, by her attorney in fact, GABRIEL DENIZOT.

*vs.*

ELEUTHERE IRENEE DU PONT AND JACQUES ANTOINE BIDERMAN.

*New Castle, Aug. T.* 1819.

Parol evidence of the indorsement of a promissory note, without the production of the note, held inadmissible, though not offered in order to charge the indorser.

The attorney in fact, by whom a bill in equity is filed, is not a competent witness for the complainant.

BILL IN EQUITY.—At the hearing of this cause before the Chancellor, the deposition of James Harper, a witness for the complainant, being offered in evidence, objection

was made to reading such parts of it as were designed to prove that certain promissory notes had been indorsed by the defendants. The object of the proof was not to charge the defendants directly upon the notes, but to show mismanagement on the part of the defendants of a partnership business, which had been carried on by the parties.

*Rogers* and *Van Dyke*, for the defendants.

Parol evidence cannot be given of any matter in writing. Here, the witness speaks of the indorsement of notes. Such proof should be made by the production of the notes and indorsements. Parol evidence is not admissible.

*McLane*, for the complainant.

Notice should have been given of this objection; for then we could have obtained the notes to which this testimony goes. We are taken by surprise. But there is nothing in the objection. For the evidence offered is of a fact *in pais:* i. e. that there were notes in the Farmer's Bank indorsed by the party. The execution of a deed may in some cases be proved, though the deed is not produced. We only wish to prove *the existence* of certain indorsed notes. These papers are not ours, nor in our possession. They were drawn or indorsed by the defendants, and have been paid and gone out of the bank, and are not in our possession. We don't charge the defendants with the notes,—but we wish to prove the execution of notes which they had no right to indorse.

RIDGELY, CHANCELLOR.—No inconvenience can arise by adhering to the rules of law. The notes and indorsements are the best evidence. They ought to be produced. If they are not in the power of the party, then he may give parol proof of them; but he must show why it is that he cannot produce them. There can be no surprise here.

The rules of court were not designed to destroy the rules
of evidence.   This is more a question of evidence than of
practice.   The objection is that the proof is not compe-
tent, even if it were before the Court.   It is not like the
proof of the execution of a deed.   The naked fact of the
execution of a paper may certainly be proved under cir-
cumstances, without the production of the paper, when
that fact merely, and not the effect or operation of the
writing, is the matter at issue.   Even then the circum-
stances must be very peculiar.   Here, the effect of these
notes and indorsements will go indirectly to charge the
defendant.   They must be shown themselves, or the
plaintiff must account for their production.   The deposi-
tion of Harper is rejected.

The complainant offered in evidence the deposition of
Gabriel Denizot, the attorney in fact of Madame de Pusey,
his name appearing on the record and in the bill as her
attorney.

Objections to his testimony had been filed by the defend-
ant.   1st. Because he is interested.   2d. Because he is a
party to the record of the cause.   3d. Because he is answer-
able for costs.   4th. Because he was sworn to the truth of
the bill filed in the cause.

*Rogers, Van Dyke* and *Rodney,* for the defendants, in sup-
port of the objection.

Denizot is a party to the record and is responsible for
costs ; therefore, he is interested and is not a competent
witness.   The rule excluding, as a witness, one bound for
costs has been applied in many cases ; as to an executor in
trust, 3 *P. Wms.* 181.   So, to a *prochein amy.* 3 *Atk.* 511 :
2 *P. Wms.* 297.   In 3 *Atk.* 547, even the wife of a *prochein
amy* was held to be incompetent.·   In all cases a person

whose name is on the record as a party is liable for costs, 1 *Ves. Jr.* 200; and the rule is general that a liability for costs is an interest in the event and a disqualification to testify. 1 *Phillips' Ev.* 46.

This attorney in fact is not like an agent, who may in some cases be examined *ex necessitate.* He has placed himself on the record, and is a party to the suit, so far as to be bound for costs. He has put himself fully in the place of the complainant, acting for her throughout, swearing to her bill, bringing and conducting the suit, and engaging all his sensibility on her behalf.

*McLane,* for the complainant, contra.

The attorney in fact is not a party to the cause. By filing the bill he has executed his function. His name stands on the record as agent only. As such he is not affected by the process of the court. An attachment would not lie against him for disobedience to its order. He is not, therefore, liable for costs; but only the party who originates and sanctions the suit, and against whom the decree goes. None but he who can be affected by process is liable for costs. The attorney at law is by statute liable for costs, but not the attorney in fact. Not being a party to the record nor bound for costs, he is not liable upon the ground of his being attorney in fact for the complainant. An agent is upon general principles a competent witness for his principal. A *prochein amy*, or a guardian, is liable for costs, because he is the recognized party. The infant cannot sue, nor execute a power of attorney. He is not liable for costs; and hence, necessarily, the liability of the *prochein amy* and guardian. 1 *Harrison's Ch. Pr.* 461. Executors and administrators are liable because they are principals in the suit, against whom the judgment may go. Yet, in England, it is by express statute that the administrator is made liable for costs. An administrator

*durante minori œtate* is held competent after the administration determines, 3 *Atk.* 604. A party to a suit in a corporate capacity is not liable individually for costs and may be a witness. 3 *Phillips' Ev.* 57.

RIDGELY, CHANCELLOR.—I have no doubt that the matter of costs is completely in the discretion of the Court. Even an attorney or solicitor, who is guilty of gross neglect, may be made to pay costs. So may infants. In this case, although Mr. Denizot is not technically a party to the bill, yet he is a party to the proceedings, and may be made to pay costs, and the more strongly because Madame Beaureaux de Pusey is a foreigner, resident abroad.

If the doubt had not been started in this argument, I should never have hesitated in making an infant pay costs, in a proper case. The *prochein amy* pays costs, not because the plaintiff is an infant, but because he, the *prochein amy*, is the actor,—the person who has brought the defendant into court,—the agent on record, by whom the infant sues, and he is in the power of the Court.

Here, Madame Beaureaux de Pusey complains, " by her " attorney in fact, Gabriel Denizot, duly constituted and appointed ;" and the bill is sworn to by him in her name. He is liable for the costs and his deposition cannot be read. *Vide Barret vs. Gore & Umfreville*, 3 *Atk.* 401:—a third person liable for costs cannot be a witness.