# Ashe-Carson Co. *v.* Bonifay, *et al.*

*Bill to Enjoin Trespass and Prevent Cutting of Trees Held Under Lease.*

(Decided June 30th, 1906. 41 So. Rep. 816.)

1. *Equity; Cross Bill; Propriety.*—A cross bill is proper and allowable whenever it becomes necessary to do justice between the parties and adjust all the equities between them growing out of and connected with the subject matter of the original bill.

[Ashe-Carson Co. v. Bonifay, *et al.*]

2. *Same; New Issues.*—In a suit in equity new issues relating to the subject matter of the original bill, may be brought forward by cross bill.

3. *Same; Elements.*—It is not necessary that a cross bill should show any grounds of equity or ask equitable relief, as against the complainant in the original bill. It is sufficient if the matters therein relate to the subject matter of the original bill, in which case purely legal claims may be presented by cross bill.

4. *Same; Affirmative Relief; Answer; Cross Bill.*—Affirmative relief cannot be obtained under an answer. It must be asked by cross bill.

5. *Same; Recoupment; Damages.*—The bill alleged the leasing of certain lands for turpentine purposes from respondent, the violation of the lease by respondents in cutting down the trees that had been boxed and were being used for turpentine purposes, praying damages for the trespass already committed and an injunction to restrain further trespass. Respondents filed their cross bill alleging that they purchased the land for the timber thereon, and leased it to complainants for turpentine purposes and that complainants had violated the terms of the lease by boxing trees smaller than 10 inches at the butt, a large per cent of which had died and others blown down, causing loss to respondents of a named sum, and claiming judgment therefor. Held, the damages sought to be recouped were of the same class as those claimed in the original bill, and therefore relating exclusively to the subject matter of the bill.

6. *Same; Clean Hands.*—The complainants having violating the terms of the lease by boxing trees under 10 inches at the butt, they were not entitled to relief in equity under the contract of lease against the lessors for their alleged trespass in cutting and hauling away boxed trees for lumber.

APPEAL from Covington Chancery Court.

Heard before HON. W. L. PARKS.

Bill by the Ashe-Carson Company against R. A. Bonifay and others, in which defendants filed a cross-bill. From a decree sustaining defendants' pleas to the bill, discharging an injunction on defendants' cross-bill, and overruling a motion to dissolve an injunction granted defendants on their cross-bill on the coming in of the answer to the same, complainant prosecutes separate appeals.

The bill alleges the leasing to appellant by appellees of certain lands for turpentine purposes, and the right to go upon the same, erect stills, box the pine trees, procure the crude turpentine, and manufacture the same into spirits of turpentine and into rosin. It alleges that appellees have gone upon the lands in violation of the lease and cut down and hauled away a lot of trees that were boxed and being used for turpentine purposes, and that they had threatened to continue to do so. It prays damages for the trespasses already committed and to prevent further commission of the trespasses complained of. The apellees filed certain pleas and cross-bills, setting up a violation of the lease contract by appellant, in that, they had boxed trees on said land of smaller diameter than was permitted by the terms of the contract, and that as a result of the same a large number of their valuable pine trees, not for turpentine purposes, but valuable for lumber in which business they were engaged, had died or blown down, and that other large numbers would likely die or be blown down, alleging their damages in a large sum, which they offered to set off or recoup against the damages set up in the original bill; and the cross-bill also prays injunctive relief. The other facts sufficiently appear in the opinion.

The first appeal is prosecuted from a decree of the chancellor holding appellees pleas to the original bill to be good. The second appeal is taken from a decree of the chancellor to discharge the injunction issued on appellees' cross-bill, and the third appeal is taken from a similar order overruling the motion to dissolve the injunction granted appellees on their cross-bill on the coming in of the answer to the same.

POWELL, ALBRITTON & ALBRITTON and STALLINGS & REID, for appellant.—The pleas are clearly insufficient. —1 Pomeroy's Eq., § 399. A cross bill cannot be filed before the filing of an answer to the bill.—*Lehman Durr & Co. v. Dozier,* 78 Ala. 235. The pleas being insufficient could not take the place of an answer, and hence, could not authorize the filing of the cross-bill.

Independent matters not germane to the issue cannot be set up by cross-bill.—*Tutwiler v. Dunlap,* 71 Ala. 126; *O'Neill v. Perryman,* 102 Ala. 523; *Continental L. Ins. Co. v. Webb,* 54 Ala. 688. All the demands set up by a way of cross-bill are for damage growing out of tort which are not available in equity.—*Cotton v. Scott,* 97 Ala. 447; *Chambers v. Wright,* 52 Ala. 444; *Jones v. Brevard,* 59 Ala. 499; *Goldthwaite v. National Bank,* 67 Ala. 549; *Watts v. Sayre,* 76 Ala. 397. In the absence of an averment that complainant is insolvent cross complainant cannot maintain as a matter of set off the boxing of trees under size.—*Whitfield v. Riddle,* 78 Ala. 99.

FOSTER, SAMFORD & CARROLL, for appellee.—Cross bills can bring forward no new subject matter not presented in the original bill but they can raise new issues relating to that subject matter and may be resorted to to secure such moulding or modifying complainant's relief so as to do full justice to the parties.—*Davis v. Cook,* 65 Ala. 617; *Nelson v. Dunn,* 15 Ala. 501. And on these same authorities cross complainant is not bound to show any grounds of equity in the cross-bill to support the jurisdiction of the court as against original complainant.

Cross complainant may set off any matter which would be proper matter of set off at law.—*Gafford v. Proskauer,* 59 Ala. 267. But the pleas are not pleas of set off; they are recoupment.—*Grisham v. Bodman,* 111 Ala. 200. A recovery over may be had on plea of recoupment.—§ 3734 code 1896; *Ewing v. Snow,* 83 Ala. 333. Adequacy of remedy at law has no application to cross bills.—*Davis v. Cook, supra; Nelson v. Dunn, supra.* The facts made by the cross-bill would entitle to an injunction if filed as an original bill.—*Wadsworth v. Gorce,* 96 Ala. 222-227.

HARALSON, J.—It is well said that "a cross-bill is proper and allowable whenever it is necessary to do complete justice between the parties, and to adjust all the equities between them connected with the subject

matter of the original bill. New issues in relation to the original matter may be brought forward. As against the plaintiff in the original bill, it is not always necessary that the cross-bill should show any ground of equity or ask equitable relief. No affirmative relief can be obtained under an answer. It requires a cross-bill to do that."—*Davis v. Cook,* 65 Ala. 617; *Morton v. N. O. & Selma Railway Co.,* 79 Ala. 591; *Whitfield v. Riddle,* 78 Ala. 104; *Nelson v. Dunn,* 15 Ala. 501.

Inadequacy of legal remedies in the first place is not an essential element of a cross-bill. It must relate to the subject matter of the original bill. If it does, it brings forward purely legal claims.—*Davis v. Cook, supra; Stevens v. Hertzler,* 114 Ala. 564, 578, 22 South. 121; *Wadsworth v. Gorce,* 96 Ala. 227, 10 South. 848; *Nelson v. Dunn,* 15 Ala. 502.

"The essential difference between recoupment or reduction on the one hand, and set-off on the other, is that in set-off the ground taken by the defendant is, that he may owe the plaintiff what he claims, but that a part or the whole of the debt is paid in reason and justice by a distinct and unconnected debt which the plaintiff owes him, * * * while on a plea of recoupment, a defendant may deduct from plaintiff's claim all just demands or claims owed by him, or judgments made by him in the very same transaction, or even in other but clearly connected transactions. They must, however, be so connected as fairly to authorize the defendant to say that he does not owe the plaintiff on that cause of action so much as he seeks, and not that he ought not to pay plaintiff so much, because on another cause of action the plaintiff owes him."—2 Parsons on Contracts, pp. 562, 563.

In *Grisham v. Bodman,* 111 Ala. 200, 20 South. 515, we said: "Recoupment is not merely a cross action, as is set-off; the plea does not confess the indebtedness counted on in the complaint and bring forward a counter indebtedness from the plaintiff to the defendant, as does the plea of set-off; but its proposition is that plaintiff's claim is based upon a particular contract or trans-

action, that to entitle the plaintiff to the sum he claims it was upon him to comply with certain obligations of the contract or to discharge certain duties which the law imposed upon him in the making or performing of the contract, that he has failed to comply with such obligations or to discharge such duties and that thereby the defendant has been so damaged in the particular transaction, or in respect of the particular contract, that the plaintiff is not entitled to recover; or, in other words, that the plaintiff has no debt or a less debt than he claims, as the case may be, against the defendant."

"It is not necessary that the opposing claims should be of the same character, but it is sufficient if they arise out of the same transaction or relate to the same subject-matter, and are susceptible of adjustment in one action. Within this principle a claim originating in a contract may be recouped against one founded in tort." —25 Am. & Eng. Ency. Law (2d Ed.) 558, and authorities there cited.

Applying these principles to the case in hand, it plainly appears, that the cross-bill was well filed. The damages sought to be recouped are of the same class as those claimed by the complainant against defendants. The cross-bill, under which they are claimed, relates exclusively to the subject-matter of the bill and things connected therewith.

The plaintiffs in the cross-bill bring forward a number of instances in which the complainant in the original bill is violating his contract with them in respect to the lease of the lands for turpentine purposes. It is averred that complainants in the cross-bill purchased the lands they leased to the original complainant, for the purpose of using the pine timbers thereon to be manufactured by them into lumber for the market, a fact which was well known to said complainant, and that the destruction of the timbers or trees upon said lands would prevent them from being able to use the same for that purpose; that said contract of lease expressly provides, that no pine tree shall be boxed or worked for turpentine, which is smaller than ten inches

at the butt, and yet in violation of their contract, complainants have boxed and worked six thousand trees of a diameter smaller than ten inches at the butt; that twenty-five per cent. of these trees have either died or blown down from this cause, and that at least twenty-five per cent. more of such trees will die or be blown down by reason of being thus boxed; that if complainants are permitted to continue to work such trees for turpentine for another year, practically all the trees of that size on said land will die or blow down, or be so stunted in their growth as never to be of any more value; that by reason of this violation of said agreement by complainants, as above stated, complainants in the cross-bill have sustained a loss of, to-wit, $6,000 in the value of said trees.

It is further averred that boxes for turpentine purposes should be cut in the base of a tree and not above it, and if not thus boxed, it has a tendency to weaken the tree and cause it to die; and especially is this true, if more than one box is cut to the tree, which is of 10 inches in diameter; that complainants have disregarded their duty in this respect, and have caused the trees to be boxed from 4 to 12 inches too high, which resulted in causing a great many of the trees to die and blow down to the damage of defendants in, to-wit, $4,000; that boxes in the trees should not be cut deeper than three inches into the body of the tree, a fact well known and understood by complainants, and in violation of this rule, they cut them from 4 to 5 inches deep, causing great numbers of them, to-wit, twenty per cent., to die and be blown down from such causes, to the damage of defendants, in to-wit, the sum of $4,000.

It is further alleged that complainants have streaked the boxed trees in a manner described, which is in violation of the custom and rules on the subject, which has caused damage to the defendants in the sum of, to-wit, $2,500.

It is further alleged, that it is the purpose and intent of complainants to work said boxes as stated notwithstanding respondent's repeated protests against it;

that if permitted to continue such violations of duty, the damage that will result in the future to defendants will be irreparable, in that they will be deprived of the use and enjoyment of the privilege of sawing said trees into lumber; and the damages to them are not susceptible of ascertainment in a court of law, and they are without remedy except by injunction from the court of equity.

Other violations of the duty of complainants in the manner of performing their contract and lease, are set out, but these, perhaps, are not necessary to be here stated, as those that are specified will subserve the purpose in hand.

An injunction is prayed against these violations of cross-complainants' rights, and for a reference to the register, to ascertain and report as to these several matters, and the damages occasioned to cross-complainants therefrom, etc.

The defendants in the original suit, filed five pleas, in each of which is separately set up the alleged violations by complainants of their said contract of the lease of said lands, such as have been before noticed, each alleging that for such violations of said contract, and the wrongs done the defendants, complainants have not come into court with clean hands and ought not to be allowed to have and maintain their cause of action against respondents.

Separate motions were made by complainants to dismiss the cross-bill for want of equity; for the same reason to dissolve the injunction granted thereon, and to discharge the same. These motions, together with a demurrer to the bill, and one to test the sufficiency of the pleas, were duly submitted to the chancellor for decrees in vacation, and separate decrees were rendered thereon overruling the demurrer, sustaining the pleas, overruling the motions to dissolve and discharge the injunction theretofore granted, and from the three last named decrees, the appeals are prosecuted, and errors are separately assigned.

It is a fundamental principle of equity, that he who seeks equity must do equity, and he who comes into

equity must come with clean hands. "Whenever a party, who, as actor seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy."—1 Pom. Eq. Juri. (2d Ed.) ) §§ 397, 399.

"He who does iniquity, shall not have equity."—11 Am. & Eng. Ency. Law, 162, 163.

The pleas as contended by appellees, fully set up the facts that complainant in the original bill has violated the contract in respect to its express provisions, and also in respect to the objections imposed by law, growing out of the contract in the several matters as shown therein. He is, therefore, in no condition to invoke the aid of an equity court.

It should be added, that the court below, on application of cross-complainants, modified the injunction granted to complainants, on the filing of the original bill. It appears, there was no error in either of the decrees appealed from, and they are severally affirmed.— *Coleman & Davis v. Elliott,* (Ala.) 40 South. 666.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.