(125 So. 661)

**BURNS v. LENOIR et al.** (4 Div. 457.)

Supreme Court of Alabama. Jan. 16, 1930.

C. B. Fuller, of Opp, for appellees.

G. W. Reeves, of Florala, and A. R. Powell, of Andalusia, for appellant.

FOSTER, J.   This suit was begun by the institution of an action at law to recover the possession of land, and was removed into the chancery court under the statute at the instance of appellant who was defendant in ejectment.   Afterwards appellant as the actor filed appropriate pleading in the nature of a bill in equity.   She claimed that the deceased husband of one appellee and father of the others advanced the money for appellant to pay the purchase price of the land, but took the title in his own name; that upon her remonstrance, she and he returned the deed to the grantor and caused him to execute another to her; and that she executed a note and mortgage, which, after renewal, has been paid. These facts would, if true, entitle her to equitable relief.

Thereupon respondents filed an answer and cross-bill, admitting the execution of the deed to decedent, and that it was destroyed and a new one executed to appellant.   They allege that the transaction was not an advance of money for appellant, but that illicit relations existed between decedent and appellant who lived together upon the land in question, and that she, through undue influence, fraud, and in continuance of such illicit relations, and without any valuable or legal consideration, procured the destruction of the deed to decedent and a new one executed to her, and that she had never paid anything to decedent or otherwise on account of the transaction.

From a decree overruling demurrer to the cross-bill appellant has appealed.

■ The first contention of appellant is that this is not such a nature of suit in equity as to authorize a cross-bill. But that question is not properly presented for review. There was no motion to strike the cross-bill, and a demurrer to it, which was the only pleading, goes to the sufficiency of its averments, and not to the right to file it.

■ But aside from that we cannot agree with the contention. The decisions of this court have treated the cause, after its removal, for all practical purposes, so far as concerns the relief due to the respective parties, as though the suit were begun by filing the bill of complaint on the equity side. That court will grant full relief, and entertain all such pleadings and proceedings for that purpose as may be appropriate in such court. It will settle all the equitable and legal contentions of the parties growing out of the controversy in the usual manner. Watson v. Hamilton, 211 Ala. 688, 101 So. 609; Cornelius v. Moore, 208 Ala. 237, 94 So. 57.

■ It is next contended that there is no independent equity in the cross-bill, and that such a bill to remove a cloud from title must show that the complaining party seeking such relief is in possession of the land. This contention fails to take note of a principle which seems to be settled that a cross-bill seeking relief germane to the original bill need not show an *equitable* claim as distinguished from a *legal* one. Davis v. Anderson, 218 Ala. 557, 119 So. 670; Stearnes v. Woodall, 218 Ala. 128, 117 So. 643; Tribble v. Wood, 186 Ala. 329, 65 So. 73; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816; Nelson v. Dunn, 15 Ala. 501; Thompson v. Menefee 211 Ala. 168, 100 So. 107.

If the original bill is dismissed, a different principle determines the sufficiency of the cross-bill if it is sought to continue the litigation so presented. Ex parte Conradi, 210 Ala. 213, 97 So. 569; Moody v. Moody, 216 Ala. 156, 112 So. 752.

■ The court will very properly adjudge and decree all the rights and claims of the parties to the land in controversy, and direct the delivery of possession to those who show they are entitled to it when finally determined, all in one suit upon the pleadings which present such issues. Equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Lowery v. May, 213 Ala. 66 (23), 104 So. 5.

■■ In this case minors were parties plaintiff, and sued by their mother as next friend. She was also a party individually. After coming into chancery court their attorney was appointed their guardian ad litem. The attorney as guardian ad litem for the minors filed an answer and cross-bill. The mother and all the other parties also filed substantially the same nature of answer and cross-bill. It is well known of course that infants without guardians must sue by next friend and be defended by a guardian ad litem. Section 5686, Code. The infants, as stated above, sued by a next friend, and are being defended by a guardian ad litem, who filed the answer and made it a cross-bill. An answer is of course properly by the guardian ad litem. The fact that an answer may be also a cross-bill does not deprive it of its nature as such. Section 6550, Code. But whether a part of the answer or not, it is a defensive measure which the guardian ad litem has adopted in the proper representation of the minors (Nelson v. Dunn, supra; Lowery v. May, supra [25]; Moody v. Moody, supra), and not the institution of a suit by or for them.

We have treated all the assignments made in appellant's demurrer to the cross-bill, and we conclude that the decree of the court overruling such demurrer was without error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.