THEODORE M. HAUER,

*vs.*

APPALACHIAN GAS CORPORATION, a corporation created by and existing under the laws of the State of Delaware.

*New Castle, April* 22, 1933.

*Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, and *Philip C. Kemp,* of the firm of Simpson, Thatcher & Bartlett, and *Robert Pulleyn,* both of New York City, for receivers.

*John Biggs, Jr., William H. Radebaugh,* of the firm of Chapman, Snider, Duke & Radebaugh, of New York City, *Francis Bohlen,* of the firm of Saul, Ewing, Remick & Saul, of Philadelphia, Pa., and *Edwin Morgan,* of the firm of Semmes, Bowen & Semmes, of Baltimore, Md., for petitioning reorganization committee.

*James M. Malloy,* and *Joseph Glass,* of the firm of Glass & Lynch, and *Leslie Kirsch,* both of New York City, for objector.

*Edwin D. Steel, Jr.,* and *Glover Johnson,* of the firm of White & Case, of New York City, for underwriter.

*C. H. Fleming,* of Pittsburgh, Pa., was admitted *pro hac vice,* but took no active part in the hearing.

THE CHANCELLOR: *De Pusey v. du Pont,* 1 *Del. Ch.* 77, has no bearing on the question. All it holds is that one who executes a bill in equity as the attorney-in-fact for another, is a party to the proceedings and as such may be made to pay the costs. The attorney-in-fact was posited

on the complainant's side of the cause. There is nothing in the case which deals with the power of the court to exact security for costs as a condition precedent to a respondent's right to appear in response to a rule to show cause and to make proof in response thereto.

The two citations from *Corpus Juris* referred to by the solicitor for the Receivers, have reference to non-resident party complainants, I think. I have not examined the cases cited in *Corpus Juris* in support of its text. I venture the assertion, however, that they will be found to be cases dealing with non-resident complainants. The text appears to me to so indicate. That there is no power in the court to exact security for costs from non-resident defendants appears at *Page 200, Section 483,* of the same article of *Corpus Juris,* from which the other two citations are taken, where the power to exact security from defendants is denied. See also 1 *Daniel's Chancery Practice,* (4th *Am. Ed.*) *Page 29,* where, under the chapter heading *"Persons Residing Out of the Jurisdiction,"* a non-resident defendant is stated so far to be exempt from an order to secure costs that if the bill is one to restrain an action at law the complainant is considered as essentially engaged in a defensive proceeding, notwithstanding he is in point of fact the moving actor in the cause, and he is said not to be subject to the usual rule which permits a defendant to require security for costs to be given by non-resident complainants.

Such appears to be the general rule with respect to the right of complainants to exact security for costs from non-resident defendants. In such a case as the one *sub judice,* the reasons are especially strong for applying the principle of this general rule. Here the exceptants have come into court in response to the invitation of a rule to show cause, if any they have, why certain proposed action should not be taken with respect to a matter in which all parties served by the rule have a common interest. The

proceeding is not an adversary one in the ordinary sense. It is one which seeks to settle a question of business policy with respect to receivership assets in which the exceptants have an interest in common with others similarly situated. What costs are incurred, are incurred in the interest of an intelligent and informed settlement of that question of policy, which is of common interest to all. Nobody is suing any one. It would seem indeed incongruous if after being invited into the matter those who appeared should be told to get out unless they gave security to pay costs incurred in the event the court should disagree with their views upon the question under consideration.

Therefore the motion for security for costs is denied.