31 So.2d 575

**Ex parte PETTY.**

**6 Div. 577.**

Supreme Court of Alabama.

June 12, 1947.

Rehearing Denied July 31, 1947.

Horace C. Wilkinson, of Birmingham, for petitioner.

Morris K. Sirote, of Birmingham, for respondent.

Smyer & Smyer and Herbert J. Ward, all of Birmingham, amici curiae.

GARDNER, Chief Justice.

Petitioner, Margaret Petty, is the widow of Wiley B. Petty, who departed this life in Jefferson County, Alabama, on October 31, 1946, leaving a last will and testament, which was duly filed for probate in the Probate Court of Jefferson County by this petitioner.

The deceased left three grandchildren who are non-residents of the State and for whom a guardian ad litem was appointed, pursuant to the provision of Title 61, § 49, Code 1940. This guardian ad litem proceeded in the Probate Court (Title 61, § 52, Code 1940) to institute a contest of the will upon the ground of undue influence and other grounds. Petitioner challenged the right of the guardian ad litem to institute the contest and moved the court to strike their contest from the record. This motion was accompanied by demand by petitioner for a transfer of the cause to the circuit court and a trial by jury. Title 61, § 63, Code 1940.

In January, 1947, these matters were duly certified by the Judge of Probate to the circuit court of Jefferson County, and in February following, the motion to strike the contest was heard before the presiding judge of the Tenth Judicial Circuit. Upon consideration the motion was denied. Petitioner, being advised by counsel that the guardian ad litem was without authority to institute such contest, seeks to have issued a writ of prohibition or in the alternative a writ of mandamus requiring the judge of the court below to set aside the order overruling her motion and, in lieu thereof, enter an order striking said contest from the file.

The trial judge has filed an answer accompanied by a very clear and forceful statement of his views to the effect that, in his opinion, the guardian ad litem has authority to institute such contest.

Upon original consideration, we entertained the view, and so wrote, that the trial court was in error and that the guardian ad litem was without authority to contest the will in the instant case. Our reasoning was based largely upon the theory that the duties of the guardian ad litem were defensive in character, as our authorities, in line with the generally accepted rule, appear to indicate. Hooks v. Smith, 18 Ala. 338; Hall v. Hall, 219 Ala. 199, 121 So. 718; Burns v. Lenoir et al., 220 Ala. 422, 125 So. 661; Pritchett v. Dixon, 222 Ala. 597, 133 So. 283; note to Roberts v. Vaughn, 142 Tenn. 361, 219 S.W. 1034, 9 A.L.R. 1537, 31 C.J. 1124-57; 43 C.J.S., Infants, §§ 108 to 115, pp. 282–320; 27 Am.Jur. 845. And, we also laid stress upon our statute (Title 7, § 102, Code 1940) wherein it is stipulated that infants, having no guardian, must sue by next friend and be defended by a guardian ad litem, which we considered mandatory in keeping with its language. We laid stress, also, upon the case of Ex parte Winn, 226 Ala. 447, 147 So. 625, wherein was the holding that a will contest by a non-resident was within the influence of our statute, requiring security for costs in "all suits at law or in equity commenced by or for the use of a nonresident of this state." Code 1940, Tit. 11, § 59. Thus reasoning,

we concluded that the contest by a guardian ad litem, appointed to represent the minor, when the will was offered for probate, was a suit at law and that of consequence by virtue of Section 102, supra, must be instituted by next friend in the absence of a legally appointed guardian.

But upon more mature consideration, we have concluded the trial court was correct and our original position untenable. Our statute (Title 61, § 52, Code 1940) provides that before the probate of a will it may be contested by an interested person as therein defined, by filing in the court where it is offered for probate, allegations in writing, stating the objections to the will, whereupon the issue is made up, under direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant. Such a contest is a proceeding in rem as held in Ex parte Walter, 202 Ala. 281, 80 So. 119.

In the instant case, the contest proceeding was transferred to the circuit court by virtue of Title 61, § 63, Code 1940. When a minor is a party in interest, upon whom notice must be served when the will is offered for probate, it is the duty of the court to appoint a guardian ad litem, who must be an attorney who must accept the service and agree to represent the minor in the proof and probate of the will. Title 61, § 49, Code 1940.

We are now persuaded the duties of the guardian, under such appointment, are in fact defensive in character and that his objections to the probate of the will are not properly to be designated as a suit at law within the meaning of Ex parte Winn, supra. It is as much defensive in character as a cross-bill filed by a guardian ad litem which was held proper in Burns v. Lenoir, 220 Ala. 422, 125 So. 661. It is not an original proceeding (as was the case in Ex parte Winn) by the guardian ad litem, but it grew out of his duties to represent the minor in the proof and probate of the will. Certainly, he would be under duty to see that the will offered for probate was duly executed as provided by the statute; that it was witnessed as there-

in provided, and it must follow, also, that if the guardian ad litem, in good faith, is persuaded the will was the result of undue influence or that the testator was of unsound mind, it would equally be his duty to present those objections to the probate of the will. In all of this he would be defending the minor against what he deems an injustice and in his ward's interest, as he sees it. As we previously observed, the presentation of these objections would be equally as defensive in character as those permitted in the cross-bill of Burns v. Lenoir, supra. We find that in the case of McQueen v. Wilson, 131 Ala. 606, 31 So. 94, this was the method pursued and without objection. Such, also, appears to have been the situation in the older case of Gilbert v. Gilbert, 22 Ala. 529, 58 Am. Dec. 268, cited by counsel in brief. In neither of these cases was any objection interposed and of consequence they are noted not as authorities for the conclusion we now reach, but merely as illustrative. Under the provisions of Title 61, § 64, Code 1940, any person interested in a will who has not contested the same as provided by the statute we have discussed, may, within six months after the admission of the will to probate in this State, contest its validity by bill in equity.

But this is an entirely independent proceeding, and one here not involved. We might add our view that any such contest, under this latter statute, by a minor should be by next friend in the event the minor has no legal guardian, as provided by Title 7, § 102, supra. But here the will was offered for probate as provided by Title 61, § 52, supra, and the representation of the minor arises thereunder.

We, therefore, conclude that the trial court correctly ruled; that the rehearing should be granted, the original opinion withdrawn and this opinion substituted in lieu thereof. It is so ordered.

Rehearing granted.

Writ denied.

BROWN, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

LAWSON, J., concurs in result.

FOSTER, J., dissents.

On Rehearing

GARDNER, Chief Justice.

The reading of the application for rehearing would indicate that we did not make clear in the opinion the basis upon which the decision is rested. Reduced to the last analysis, our conclusion rests upon the cited statute placing upon the guardian ad litem as an officer of the court the duty to represent the minor in the proof and probate of the will. This duty we concluded was not perfunctory. The following quotation from an older authority (Andrews v. Hall, 15 Ala. 85) set out in Watters v. First National Bank of Mobile, 233 Ala. 227, 171 So. 280, 291, is here appropriate:

"It is an error to suppose that the office of a guardian ad litem is a mere sinecure. It often happens that he should seriously contest the plaintiff's claim."

Indeed, the duties of a guardian ad litem are substantial and extend to any matter which comes to his attention which would defeat the will, if necessary, to protect the ward's interest. It is in this sense, therefore, the guardian ad litem's action is defensive in character, defending the interest of his ward as a part of his duty under appointment of the court. It is simply a matter of the meaning of this statute, a statute which was in no manner involved in Ex parte Winn, supra.

We feel this brief response should suffice, and the second application for rehearing is due to be overruled. It is so ordered.

Application for rehearing overruled.

BROWN, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

LAWSON, J., concurs in the result.

FOSTER, J., dissents.