31 So.2d 577

### Ex parte BOND et al.

### 6 Div. 576.

Supreme Court of Alabama.

June 12, 1947.

Rehearing Denied July 31, 1947.

Morris K. Sirote, of Birmingham, for petitioners.

Horace C. Wilkinson, of Birmingham, for respondent.

GARDNER, Chief Justice.

In Ex parte Petty, Ala.Sup., 31 So.2d 575 [1] the court held the guardian ad litem, in that cause, had authority to contest the will offered for probate. This was in accord with the view of the trial court and contrary to that entertained by us upon original consideration. The court, however, entered an order requiring the minors to give security for the costs as condition precedent to the contest of the will by such guardian, rested upon the theory that the minors were non-residents of the State, and that the case of Ex parte Winn, 226 Ala. 447, 147 So. 625, was applicable. The order is directed to the minors and not the guardian ad litem. The latter, under our authorities, is not liable for costs. Perryman v. Burgster, 6 Port. 99; Ward v. Mathews, 122 Ala. 188, 25 So. 50. And by statute such guardian ad litem is relieved from giving security for costs on appeal, and, also, is relieved from personal liability. Title 7, § 786, Code 1940. These minors have not voluntarily come into court. They are brought into court and the guardian ad litem appointed to represent and defend their interests. As we pointed out in Ex parte Petty, supra, the case of Ex parte Winn, supra, has no application to a

---

[1] Ante, p. 393.

situation as here presented. As bearing some analogy see Ex parte Blackburn, 204 Ala. 132, 85 So. 495, and Hauer v. Appalachian Gas Corp., 19 Del.Ch. 274, 167 A. 838. The question of a minor's personal liability for costs, in cases of this character, should his contest prove unsuccessful, is not before us for consideration and is left undetermined. The general rule seems to be that, in the absence of a statute to the contrary where a judgment is rendered against an infant, execution may issue against his property the same as an adult, if there is no guardianship pending. 43 C.J.S., Infants, § 125, p. 361; 31 C.J. 1176; Stevenson v. Guardian Life Ins. Co., 175 Misc. 823, 25 N.Y.S.2d 483. But, as pointed out in brief, there are authorities to the contrary and no necessity here arises for a determination of that question. We, therefore, conclude that the contest of the guardian ad litem is defensive in character and that the statute requiring security for costs for a non-resident is without application. It results that the former opinion ordering a dismissal of the petition is withdrawn, the cause restored to the docket and the writ awarded.

Rehearing granted.

Writ awarded.

BROWN, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

LAWSON, Jr., concurs in result.

FOSTER, J., dissents.