THE WESTERN AND ATLANTIC RAILROAD COMPANY, plaintiff in error, *vs.* JOHN B. BROWN, defendant in error.

1. Justice courts have jurisdiction in all civil cases arising *ex delicto,* as well as *ex contractu,* up to $100. Hence, those courts have jurisdiction in cases where railroad companies are sued for killing stock whose value does not exceed that sum. The remedy provided in

section 3043 of the Code *et seq.*, is merely cumulative, and does not oust the regular justice courts of their jurisdiction.

2. A verdict or judgment for an intermediate sum between the highest and lowest value proven, will be sustained, though no witness has sworn to the specific amount found.

Justice Courts. Jurisdiction. Constitutional Law. Damages. Torts. Before Judge McCutchen. Whitfield Superior Court. October Term, 1876.

Reported in the opinion.

Johnson & McCamy, by J. L. Brown, for plaintiff in error.

Shumate & Williamson, by brief, for defendant.

Jackson, Judge.

Brown sued the company in the justice court for damages laid at $35.00, in killing a cow, by regular summons. The justice of the peace gave judgment against the company for twenty-five dollars, and the case was carried up by *certiorari*, and the judgment was sustained.

It is brought here on two points: first, that justice courts proper, have no jurisdiction in cases for damages, especially against railroad companies; and second, that the court rendered judgment for a sum intermediate the higher and lower sums proven.

1. We think that the constitution settles the first point. It gives jurisdiction in all civil cases up to $100.00. Code, § 5104. This was a civil case. The special remedy provided in section 3043 of the Code, and the sections following, are merely cumulative—optional with the party. It does not oust the general jurisdiction of the justice courts.

2. Nor do we think that the other point is more tenable. The judgment was for $25.00. Various sums from $50.00 down below $25.00, were proven to be the value of the cow killed. The justice seems to have averaged the different

opinions of the witnesses, and though no witness swore to the exact sum the court gave judgment for, the evidence supports sufficiently the judgment—it being intermediate between the sums proven.

Judgment affirmed.