[Tribble v. Wood, et al.]

# Tribble *v*. Wood, *et al.*

## *Bill for Partition.*

(Decided April 16, 1914.   65 South. 73.)

1. *Partition; Scope of Inquiry; Interest of Parties.*—Although defendants by cross bill allege that the interest of the parties were not in equity. what they appeared to be on the face of their respective muniments of title for the reason.that the conveyances under which they were held did not express the intention of the parties thereto, yet in the absence of allegations or proof of fraud, accident, or mutual mistake authorizing a reformation, such conveyances were conclusive evidence of the title and interest expressed upon the face thereof.

2. *Same; Pleading; Cross Bill.*—Where the action was for partition of the north half of a certain tract of land, a cross bill for compensation for a breach of warranty in a conveyance by complainant through respondent of an interest in the south half of the same tract could not be maintained, as the breach thereof in connection with complainant's insolvency gave no lien on complainant's interest in the north half, and purely legal claim may be made the subject of a cross bill only, where the rights arise out of the same subject matter, property or violated right.

3. *Executions; Sale; Redemption; Effect.*—Where a decedent's land was sold under execution. and a number of heirs redeemed their respective interest, and the husband of one of the heirs purchased the remaining unredeemed interest. and recognized the right of one of the non-redeeming heirs, and accepted from her repayment of the purchase money advanced to purchase her interests, a trust resulted in favor of her grantee as to her interests.

4. *Same; Manner and Effect.*—Although redemption by piecemeal cannot be enforced, the heirs of a decedent whose land had been sold under execution could redeem their interest with the consent of the purchaser, and have such interest set off in separate parcels, in lieu of undivided interest, subject to the right of those not participating in such partition to redeem the entire tract; and, where such right was not exercised, such redemption and partition fixed the rights of the parties.

5. *Deed; Construction; Interest Conveyed.*—The deed examined and held in view of the facts and of the particular description of the interest conveyed, which must prevail, that respondent acquired a one-third interest in the north half of the land mentioned in his deed.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Eli Wood and others against George Tribble for partition of certain land. Decree for complainants, and respondent appeals. Reversed and remanded.

The bill alleges that complainants and respondent each owned an interest as tenants in common in the S. W. 1/4 of the S. W. 1/4, section 34, township 16, range 2 W., the complainants owning a one-sixth undivided interest, and respondent owning an undivided five-sixths interest, and that said real estate cannot be equitably divided or partitioned. The respondent answered, admitting the first and second paragraphs of the bill as to ages and place of residence; but he denies the allegations of the third and fourth paragraphs, and says that he is the owner of the entire interest in the real estate, subject only to a mortgage or vendor's lien given by Marietta Roebuck, and, with that exception, is the absolute owner of the property. He further says that the complainants, before the institution of the suit, had sold all interest he had in and to said property. Demurrer being sustained to this cross-bill, it was amended, setting up the facts as set out in the opinion.

J. L. DRENNEN, for appellant. The purchase by one tenant inures to the benefit of all the tenants in common.—*Savage v. Bradley,* 149 Ala. 69; 38 Cyc. 40. This rule is enforcible against a husband or wife of a cotenant so purchasing an outstanding interest or encumbrance.—38 Cyc. 47. Jurisdiction having once attached, equity will proceed to adjust all rights.—*Randall v. Boyd,* 73 Ala. 382; *Lyon v. Powell,* 78 Ala. 351; *Equitable M. Co. v. Findley,* 133 Ala. 575. The original bill drew in question the existence and extent of appellant's claim, and the cross-bill was founded upon the same subject-matter, and hence, did not involve a departure. —*Jenkins v. Schwab,* 138 Ala 664.

[Tribble v. Wood, et al.]

JOHN W. CHAMBLEE, and ROSCOE CHAMBLEE, for appellee. Any relief the cross-bill asks for whether it be legal or equitable must relate to subject-matter of the original bill, otherwise, it is demurrable.—*Ash-Carson Co. v. Bonifay,* 147 Ala. 376. The chancellor cannot proceed to adjust any right unless it is related to the subject-matter of the original bill, and hence, could not adjust any claims for damages which did not relate to the north half of the land in question.—Authority supra. Eli Wood purchased in his own name and gave his own money, and being an outsider his redemption did not inure to the benefit of anybody but himself.—*Given v. Proxel,* 39 South. 578. Redemption must be had within two years or it is barred.—*Savage v. Bradley,* 149 Ala. 169. The allegations of the cross-bill were not sufficient to authorize reformation of the instrument, and hence, could not affect the conveyances.—*Berry, et al. v. Sowell,* 72 Ala. 14; *Kenney v. Ensminger,* 87 Ala. 340.

SAYRE, J.—This is a bill for sale for partition. In his cross-bill defendant averred that the respective interests of the parties were not in equity what they appeared to be on the face of their respective muniments of title, for the reason that the conveyances under which they held did not express the intention of the parties thereto. There is, however, no averment, nor any proof of such fraud, accident, or mutual mistake as would authorize reformation, and, unless and until reformed, these conveyances, so far as they are held operative at all, must be accepted as conclusive evidence of the titles and interests expressed upon the face of them.

The original bill seeks a partition of the north half of a certain 40-acre tract described according to the government survey. In his cross-bill defendant sought

to be compensated for an alleged breach of warranty contained in deeds that complainants had made to him purporting to convey an interest in the south half of the said tract. The breach alleged and the insolvency of the complainants, which is alleged also, would give defendant no lien on complainants' interests in the north half, if they create any ground of equitable cognizance at all. Purely legal claims may be asserted in a cross-bill, but it is essential that the right so brought forward should arise out of the same subject-matter, the same property, or the same violated right. The cross-bill here does not show such related right and the demurrer to it was well taken.—*Ashe-Carson Co. v. Bonifay,* 147 Ala. 376, 41 South. 816.

The forty-acre tract, of which the property in controversy constitutes the north half, belonged to James Arthur Brown in his lifetime. He devised it to Caroline, one of the complainants, and five others, namely, Elizabeth, at places in the record referred to as Catherine, and Marietta, Jane, Virginia, and Georgia in equal shares. After his death, the property was sold under execution against his executor for the costs of a suit pending at the time of his death. Colonel Sam Will John became the purchaser, and the parties now claim under him. Afterwards, and within the time allowed for redemption, Elizabeth, Virginia, and Georgia, sought, and were allowed, to redeem their respective interests, which were set apart and conveyed to them severally and separately by metes and bounds in the south half of the 40-acre tract. Thus the south half was redeemed. Marietta was without funds, and so, perhaps was Jane; at any rate they did not redeem; and so Eli, the husband of Caroline, furnished the money and took a deed of the north half, one undivided third to Caroline, two-thirds to himself. These conveyances were all made on the

same day in January, 1905. In the spring of 1911, the title having remained unchanged in the meantime, defendant, Tribble, purchased and took deeds from Eli and Caroline jointly, Elizabeth, Virginia, Georgia and Marietta, each purporting to convey an undivided one-sixth interest in the entire 40-acre tract. In the fall of the same year he took another joint deed from Eli and Caroline in which the land conveyed was described as "one undivided one-sixth·interest in and to" the entire 40-acre tract, "containing six and two-thirds acres, and situated in the north half of said forty-acre tract of land." In making and taking this last conveyance the evidence very clearly shows that the parties intended to contract with reference to the interest that had at one time belonged to Jane, who, in the meantime, had become insane. It may be conceded that Tribble expected and intended by the operations to procure a complete fee in the entire tract, and that is now his claim. Complainants in their bill conceded to defendant the ownership of a one-third interest in the north half of the 40-acre tract. The chancellor's decree awarded to him one-half.

All parties now claim under Colonel John, and his legal title has not been drawn into question. There is a suggestion that in purchasing the land at the sheriff's sale, he acted as agent and trustee for the devisees of James Arthur Brown, but we find no proof of that in the record. By the deeds of January·28, 1905, Caroline, Elizabeth, Virginia, and Georgia redeemed; Eli purchased subject to redemption by Marietta and Jane. Jane's right of redemption, for aught appearing, has been lost by lapse of time. But Marietta's right and her assignment of it to defendant have been recognized by Eli, and he has accepted from her repayment of the money advanced for the purchase of her undivided in-

terest in the right of redemption, and thus a trust has resulted in favor of defendant as to her interest.—1 Perry on Trusts, § 125.

The grantees in their deeds were not redeeming against an incumbrance; in part they were redeeming, and in other part they were purchasing, an outstanding legal and equitable fee, which was subject only to a privilege of redemption. Redemption by piecemeal cannot be enforced, but there is no reason why redemption in parcels may not be had, the holder of the redeemable title being willing.—*Francis v. White,* 166 Ala. 409, 52 South. 349. Nor was there any reason why the owners of the several undivided interests might not agree upon a partition in kind, setting off separate entire interests in parcels in lieu of undivided interests in the whole tract, subject, of course, to the right of those not participating in such partition to redeem the entire tract. but, that right not having been exercised, the transactions of January 28, 1905 established a new status, a new point of departure behind which we need not go in determining the rights created by the several subsequent deeds to defendant.

Giving effect, as we infer, to the resulting trust of Marietta's interest, and construing the two deeds from Eli and Caroline to convey each a one-sixth interest in the entire 40-acre tract, the chancellor decreed an undivided half of the north half of the tract to Eli and Caroline in the proportion of one-third and one-sixth; the other undivided half interest he decreed to defendant. If we have correctly apprehended the theory of the decree, we differ from the chancellor in one respect. We think the last deed of Eli and Caroline to Tribble, dated October 25, 1911, vested in the grantee an undivided one-third interest in the north half of the 40-acre tract. The particular description of the interest

conveyed must prevail over the general, and the interest is particularly described as "containing six and two-thirds acres, and situated in the north half of said forty-acre tract." One cotenant may not convey by metes and bounds without the consent of another, nor can the covenant of one to have an interest set apart in a particular part of a tract be enforced against another. Still, we think, construing the deed with a view to the surroundings, and conceding predominate influence to its most particular description, its purpose and effect was to convey an undivided third in the north half of the 40-acre tract. This, with the sixth interest acquired by virtue of the resulting trust and Marietta's deed, and the sixth acquired by the previous deed of Eli and Caroline, gave defendant two-thirds of the north half, leaving one-sixth in each of the complainants. Since the case must be remanded for further proceedings, it is left with the chancellor to render a decree in accordance with our view.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.