57 So.2d 69

**BEASLEY et al. v. BEASLEY.**

**4 Div. 670.**

Sureme Court of Alabama.

Jan. 31, 1952.

Rehearing Denied March 6, 1952.

J. Hubert Farmer, Dothan, for appellants.

Chas. O. Stokes, Ozark, for appellee.

FOSTER, Justice.

Appellant in this case seeks to review and revise a judgment of the Probate Court

648

of Dale County, wherein it was determined that the lands of a decedent, who was a resident of Dale County, Alabama, did not exceed in value $2,000 or in area one hundred and sixty acres, and which therefore confirmed a report of the commissioners setting apart the same, without administration, to the widow who had no minor children.

The controversy hinges around the value of such homestead, which is eighty acres in area. Commissioners were appointed and made their report that such real estate was worth $1500. Exceptions were filed to that report, claiming that the land was worth more than $2,000. A trial was had before the judge of probate and witnesses were examined and testified orally before him. At the conclusion of the trial, the judge made the following announcement: "Twenty-seven witnesses have testified in this case to a total of $47,229, which gives an average figure of $1747, which is less than $2,000. The petition of the widow, Mrs. Tealie Beasley, is therefore granted by this court. The exceptions are not sustained." The judgment of the court is set out at length in the transcript. It makes no reference to such average value from the testimony of the witnesses, and in which the court observed: "After hearing all the legal evidence offered on both sides of said issue between the exceptors and the petitioner, and after hearing the argument of the attorneys, and after a consideration of all such legal evidence, the court is of the opinion that the parties filing such exceptions have failed to establish the grounds of their exceptions." The decree of the court then proceeded to confirm the report of the commissioners and further decreed the real estate left by decedent does not exceed in area one hundred and sixty acres nor in value the sum of $2,000 at the time of the death of decedent, and constituted all the real estate owned by him at the time of his death in this State. The decree contained other provisions with respect to the vesting of title, which are not important here to recite.

The contention of appellant is that the announcement made by the trial judge, which we have quoted, shows that he ascertained a quotient from the testimony given by the witnesses and that he considered that as controlling in fixing the value of the property at less than $2,000. Appellant contends that such announcement of the judge entered into and was a factor of his decree, or that it showed error on the part of the judge in arriving at the result shown by the decree. Appellant seeks to apply to that situation a principle well established in this State as well as elsewhere that the verdict of a jury will be set aside on motion, where it is made to appear by legal evidence that it is fixed by a quotient representing the average of the amounts each juror may express as his opinion, when prior to such ascertainment of the average the members of the jury agreed expressly or impliedly that such average or quotient would be used as a basis for their verdict and when their verdict reflected such agreement.

It is unnecessary for us to cite our cases on that subject as that is not the situation here involved. But it is akin to one where in estimating the damages to which plaintiff is entitled an average of the amounts testified to by the witnesses is given emphasis by the jury. It is generally held not improper for a jury to strike such an average from the testimony of the witnesses and use it as influential in fixing the amount of the damages under consideration, although it should not be resorted to without regard to the intelligence, capacity and disinterestedness of the witnesses. Such theory of law is recognized, 64 Corpus Juris 832, page 1037, and the basis of that text seems to be predicated upon decisions widely scattered, which seem fully to support it, as follows:

In Harrison v. Powell, 24 Ga. 530, where there was conflicting and contradictory evidence as to the value or worth of a slave by reason of his unsoundness, and the jury adopted an average as to the measure of their verdict, the finding was held not illegal on that account, the court saying: "There is no reason for supposing that the verdict was the result of lot, and found irrespective of the proof. Not being able to give entire credence to the opinions on either side, the jury adopted the average as the measure of damages. And this, we repeat, occurs continually, where there is a contrariety of opinion as to facts." To like effect in West-

ern & Atlantic R. R. Co. v. Brown, 58 Ga. 534, a verdict or judgment for an intermediate sum between the highest and the lowest value proven was sustained, though no witness swore to the specific amount found. In Roth's Succession, 33 La.Ann. 540, the executor, the husband of deceased, during marriage, had erected a store on the separate property of the wife, at an alleged cost of $1340, which cost he claimed to have paid out of his separate funds. The court held the recompense due by the separate estate of the wife for improvements placed thereon during marriage, was the enhanced value resulting to her separate estate, saying: "It is a perfectly equitable mode of fixing that enhanced value to make an average of the valuations placed by all the witnesses on the land and improvements together and on the same separately." In Jones, Adm'r v. Jones, 4 Gill., Md., 87, where the testimony of several witnesses in regard to the amount of rent which should have been paid, was of such a nature as to require it to be averaged, the amount was ascertained by adding together the estimate of each and every witness who testified thereto and dividing the sum thus obtained by the entire number of witnesses. Concurring witnesses were each counted as one. "The rule of averaging the testimony of witnesses, necessarily excludes, and is apart from all corrupt concert between the witnesses." In Jeffersonville, M. & I. R. R. Co. v. Tull, 37 Ind. 341, it was held that a jury need not fix the value of personal property at the exact sum testified to by any one witness or by any two, but may find an intermediate sum. And in Cocke & Co. v. New Era Gravel & Dev. Co., Tex.Civ.App., 168 S.W. 988, where, in an action on a quantum meruit the testimony as to the weight of a cubic yard of gravel was conflicting. The jury took an average between two extremes stated by the witnesses, and they were not confined to the express contract pleaded. It was held the court properly permitted recovery on quantum meruit, as alleged in the pleading, where the parties introduced evidence as to the reasonable market value and the quality of the goods delivered.

In the case at hand the issue was not being tried by a jury but by the judge whose decision had the effect of the verdict of a jury. Of course there is a distinction, as pointed out in the case of Hancock v. Oliver, 228 Ala. 548, 154 So. 571. A similar situation was there presented, but the court was not willing to find from the evidence that such a quotient was used as a basis for the judgment of the judge of probate. The opinion was particular to differentiate a quotient verdict of the jury from this method used by a judge as an aid in arriving at his conclusion. We fail to find another authority in Alabama applicable to this particular situation, but it is a general principle that statements by the trial judge showing the basis on which his conclusion of fact is founded is not a part of the judgment, and on appeal the judgment is to be considered separate and apart from such statements, and while it may have some influence in determining whether the judgment is properly supported by the evidence it is not controlling.

It is not to be supposed from the announcement which the judge made, as quoted above, that he did not give due consideration to the intelligence, capacity and disinterestedness of the various witnesses or that he was understood to say that the quotient thus arrived at was conclusive as to the value of the land at the time in question. Just what his processes were are not the subject of inquiry as a determining factor on review. 3 Am.Jur. 367, § 825; 53 Am. Jur. 784, § 1129; Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50 (1), 104 So. 538, 41 A.L.R. 872.

In reviewing this question, therefore, the presumption which usually attaches is applicable. The judgment and decision holding that the property was worth less in value than $2,000 is well supported by the evidence. Appellant's counsel readily admits that there are probably a few more witnesses whose testimony support the finding and holding of the court than the number of those who testified to a higher valuation. Appellant's counsel lays stress upon the proposition that some of their witnesses testified that they were willing to

pay substantially more than $2,000 for the land, but such testimony is not effective or even admissible. Tennessee Coal, Iron & R. R. Co. v. State, 141 Ala. 103, 37 So. 433; Waller v. Harris, 221 Ala. 313, 128 So. 606; Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773, see, annotations beginning at page 782.

We do not regard appellant's counsel as making a serious argument to the effect that the result reached by the trial judge is not well supported by the evidence and, therefore, we will not undertake to review the judgment upon that theory.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.