61 So.2d 123

**CUNNINGHAM v. CHEROKEE COUNTY.**

**7 Div. 167.**

Supreme Court of Alabama.

Oct. 23, 1952.

Hugh Reed, Jr., and L. J. Cobb, Centre, for appellee.

Keener & Keener, Centre, for appellant.

BROWN, Justice.

While the case was docketed in the circuit court as "Cherokee County, Alabama, et als., v. W. H. Cunningham, as Ex Officio Clerk of the Cherokee Law and Equity Court of Cherokee County, Alabama, J. M. McCullough as Director of the Department of Public Safety, State of Alabama and Sibyl Pool, Treasurer of the State of Alabama," and so appears on the docket of this, the Supreme Court, yet the sole party complainant is Cherokee County, Alabama.

The bill was filed June 21, 1951, and prays for the following relief:

"A. That it is the duty of Respondent W. H. Cunningham to collect a trial tax of $3.00 on each case which is docketed in the Cherokee Law and Equity Court as other costs are collected and to pay such trial tax so collected to Complainant Cherokee County Alabama by depositing the same into the general fund of Cherokee County Alabama.

"B. That it is the duty of the Respondent W. H. Cunningham as Clerk of the Circuit Court of Cherokee County, Alabama, to impose and collect all of the fees and costs on each case docketed in the Cherokee Law and

Equity Court as is prescribed by Title 11, Code of Alabama of 1940 and upon receipt thereof to pay all fines, all fees and costs so collected by him into the fine and forfeiture funds of Complainant Cherokee County Alabama.

"C. That it is the duty of Respondent W. H. Cunningham to impose a Stenographers fee of $5.00 on each case docketed in Cherokee Law and Equity Court and upon the collection thereof to pay the same to the official Court Reporter with the exception that he shall not impose any stenographer's fee in any case where suit is brought for less than $100.00 and except in cases where a judgment by default might be rendered.

"D. That said W. H. Cunningham be directed to pay into the fine and forfeiture fund of Cherokee County Alabama the fine of $100.00 together with the cost collected by him including a Solicitor's fee of $10.00 and including the fee for entering a final judgment in the case of State of Alabama v. Eugene Keys, being a criminal case number 2157 and that trial tax of $3.00 in such case be paid by him into the general fund of Cherokee County Alabama.

"E. And that your Honor will decree that Respondent Sibyl Pool as Treasurer of the State of Alabama is not entitled to receive any part or portion of the fine or cost in said case number 2157 and that Respondent J. M. McCullough as Director of the Public Safety Department of the State of Alabama is not entitled to have any part or portion thereof for the use and benefit of the Highway Patrol fund or the State Department of Public Safety.

"F. That the rights, duties and obligations of all the parties hereto arising under such Act, approved June 17, 1943 (Local Acts of Alabama, 1943, Page 81);

"G. And that the provisions contained in Title 11, Section 81 of the Code of Alabama of 1940 were repealed by said Local Act approved June 17, 1943 in so far as cases filed in Cherokee Law and Equity Court are concerned.

"H. That Section 53, of Title 36 of the Code of Alabama of 1940 in so far as cases filed in Cherokee Law and Equity Court was repealed by said Local Acts of Alabama of 1943, Page 81.

"The Complainant prays for such other further general or special relief to which it may be entitled and as may be just and proper in the premises, and in duty bound, the Complainant will ever pray," etc.

Before the defendant Cunningham answered or filed demurrer to the bill, the complainant amended the same by striking McCullough and Pool as parties defendant. Cunningham thereafter demurred to the bill on the ground that "there is no equity in said bill." The court overruled said demurrer and Cunningham filed an extensive answer in which he admitted some of the averments of the bill, but denied "that under and pursuant to Section 43 of said Act as aforesaid all laws in conflict with said Act, both local and general, are repealed." (The Act referred was approved June 17, 1943 and established the Law and Equity Court of Cherokee County, all laws in conflict with said act, both local and general being repealed therein.) Respondent further denied "that it was made the duty of W. H. Cunningham as Ex Officio Clerk of said Court to tax and collect said trial tax as other cost and to pay such trial tax so collected into the general funds of Complainant, Cherokee County, as other cost." And "For further answer to this said paragraph 4 of the original bill of complaint, Respondent says that said Section 40 is unconstitutional in that it violates Section 96 and Section 104(24) of the Constitution of Alabama which prohibit special and local laws relating to fees. Respondent further submits to the Court that Section 40 of the Cobb Act seeks to repeal Title 11, Sections 79 and 81, Code of Alabama 1940; and, therefore, violates Section 105 of the Constitution of Alabama."

"Respondent denies that under and pursuant to said Act approved June 17, 1943,

and in particular under Section 25 thereof is it the duty of the Respondent W. H. Cunningham as such Ex Officio Clerk to deposit all fines and forfeitures assessed and collected in said Court in the Fine and Forfeiture Fund of Cherokee County, Alabama.

"By way of further answer to this paragraph 6 of the original bill of complaint respondent says that all fines and forfeitures collected for violation of Chapter 1, Title 36, Code of Alabama 1940, are paid to the Treasurer of the State of Alabama, who shall credit them to the Department of Public Safety; provided, however, that where the person or persons convicted for offenses contained in Chapter 1, Title 36, Code of Alabama 1940, have been arrested by the Sheriff, or his deputies, or by any other County municipal law enforcement officer authorized and qualified to make such arrest, the fines and forfeitures shall be paid into the Fine and Forfeiture Fund of Cherokee County, Alabama. Respondent further says to the Court that Title 36, Section 53, Code of Alabama 1940, is a general law which is controlling as to the disposition of fines and forfeitures collected for the violation of the provisions contained in Chapter 1, Code of Alabama 1940, and that insofar as Section 25 of the Cobb Act seeks to nullify Title 36, Section 53, Code of Alabama 1940, said Section 25 violates Section 105 of the Constitution of Alabama, and is, therefore, null and void."

The original bill in paragraph 7 alleges, "That under and pursuant to said Act approved June 17, 1943, and in particular under Sections 37 and 38 thereof provision was made for the appointment of an official court reporter for Cherokee Law and Equity Court and provided that a stenographer's fee of $5.00 be charged and collected by Respondent, W. H. Cunningham, and by him paid to the official court reporter; with the exception of cases where a money judgment is sought in civil cases of less than $100.00 as determined by the Complainant and except in cases where there is a judgment by default the Respondent, W. H. Cunningham, was not authorized to collect such stenographer's fees."

Answering said paragraph 7, "Respondent admits the averments contained in paragraph 7 of the original bill of complaint.

"For further answer to said paragraph 7, Respondent says that a Court Reporter's fee of $5.00 is not authorized by Chapter 2, Title 11, Code of Alabama 1940, and that Sections 37 and 38 of the Cobb Act seek to repeal Title 11, Sections 79 and 81, Code of Alabama 1940, and, therefore, violate Section 105 of the Constitution of Alabama and are null and void.

"Respondent further says that Sections 37 and 38 of said Cobb Act violate Sections 96 and 104(24) of the Constitution of Alabama and are null and void."

Supplementing the foregoing as a basis for affirmative relief on said answer, which is made a cross bill, the respondent and cross-complainant alleges, "That since January 21, 1947, down to and including March 31, 1951, respondent and cross-complainant has collected fees as ex-officio clerk of the Cherokee Law and Equity Court, in the Cherokee Law and Equity Court of Cherokee County, Alabama, in the sum of $8,706.74, and that he has paid said sum of money to the complainant. Respondent and cross-complainant further avers that under Section 4 of an Act of the Legislature of Alabama, approved June 17, 1943, hereinabove set forth in paragraph II of this his cross-bill, respondent and cross-complainant is entitled to said sum $8,706.74 and should have judgment therefor against the complainant and cross-defendant, Cherokee County, Alabama, in this action."

Said paragraph VII was further amended by adding the following allegations: "Respondent and cross-complainant avers in the alternative that if he is not entitled to the sum of $8706.74 as heretofore set out in this paragraph, that he is entitled to the sum of $1500.00 per annum for the years 1947, 1948, 1949, 1950, and 1951, or a total of $7500.00 and should have judgment therefor against the complainant and cross-defendant, Cherokee County, Alabama, in this action."

The prayer of the cross bill was amended to conform to the last above set out

amendment. To the cross bill as last amended the complainant, Cherokee County, Alabama, interposed a demurrer to the cross bill as a whole and specifically to paragraph VII thereof as last amended—grounds 5 through 15.

The cause was submitted on the demurrer going to the bill as a whole and on the special grounds addressed to said paragraph VII. In passing on the demurrer the court made the following observations and rulings in its decree:

"It appears that the answer and cross-bill in most respects sets up matters which can be determined under the original bill and, in effect traverses the contentions of the Complainants as therein set out. However, that aspect of the cross-bill set out in paragraph seven as amended raises new matter which is not set out in the original bill and several grounds of demurrers are directed to said paragraph as to said paragraph as amended. It is the contention of the Respondent as set out in said amended paragraph that Cherokee County is indebted to him in the sum of $8,706.71, as fees collected by him as ex-officio clerk of the Cherokee Law and Equity Court which was by him paid to the Complainant, or that he is entitled to the sum of fifteen hundred dollars per annum for the years 1947, 1948, 1949, 1950 and 1951, as salary due for each of said years as such official. Several grounds of the demurrer raise the question of the statute of non-claim as set out in Title 12, Section 115–118, but, in the opinion of the Court, it is not necessary to consider the application of these statutes since this may be disposed of under other principles. It is our opinion that as a matter of law the Clerk of the Law and Equity Court is not entitled to fees, either the regular statutory fees or ex-officio fees, for his services, but instead is entitled to a salary as provided in an act of the Legislature approved on June 28 [17], 1943, and later amended by the Legislature on June 28, 1949 (Acts 1949, Page 181). On June 17, 1943, an Act was passed setting the salary of said official of Cherokee County, among them the Clerk of the Circuit Court; and on the same date an Act passed creating the Law and Equity Court for Cherokee County. The Act creating the Law and Equity Court for Cherokee County provided that the Clerk of the Circuit Court shall be ex-officio Clerk of the Cherokee Law and Equity Court and shall be entitled to the same salary and fees as are now or may hereafter be allowed to Circuit Clerks. While there is, on first study, an apparent conflict between the two acts with regard to the compensation of the Clerk of Cherokee County Court, on careful study we are of the opinion that the two, when construed together, are not in conflict and that it was the intention of the Legislature to fix the salary of the Clerk of the Circuit Court who shall also act as ex-officio Clerk of the Cherokee Law and Equity Court at fifteen hundred ($1500.00) dollars per annum and later by amendment as twenty-four hundred ($2400.00) dollars per annum (Acts 1949, page 181) and that as a matter of law he is not entitled to any fees, either those prescribed for his official acts as such or ex-officio fees. Nor is he entitled to the amount of seventy-five hundred ($7500.00) dollars claimed to be due him as salary under the amendment to paragraph seven.

"It, therefore, follows that we are of the opinion that paragraph seven of the cross-bill as amended does not contain equity and the demurrers directed thereto should be sustained."

These observations were followed by a decree overruling the demurrers to the cross-bill as a whole and sustaining the demurrer to paragraph VII of the cross-bill. This appeal is from that part of the decree which sustained the demurrer to paragraph VII of the cross-bill.

The assignments of error, fifteen in number, make each of the grounds of demurrer the basis of an assignment, alleging error in the decree only as to paragraph VII.

There are no cross assignments by the appellee.

As we interpret the record and our previous decisions, some of which are cited below, our consideration is limited to two questions: (1) the legal right of appellant to collect and retain the fees allowed by law to Clerks of Circuit Courts as made applicable by reference and legislative adoption to the office of ex officio clerk of the Law and Equity Court of Cherokee County, Alabama. Phoenix Assurance Co. of London v. Fire Dept. of City of Montgomery, 117 Ala. 631, 23 So. 843, 42 L.R.A. 468; Cleveland v. State, 16 Ala.App. 336, 77 So. 930. (2) The sufficiency of the allegation in paragraph VII of the cross-bill to warrant the court in awarding to appellant a judgment or decree against appellee in the sum of $7,500, on the basis of the salary as fixed by the local acts applicable to defendant as clerk of the circuit court and ex officio clerk of the Law and Equity Court of Cherokee County, Alabama. As pertinent to the limited right of review under the appeal, we cite: Pollak v. Stouts Mountain C. & C. Co., 184 Ala. 331, 63 So. 531; First National Bank of Dothan v. Fountain Motor Co., 227 Ala. 133, 135, 148 So. 817; Bates v. State ex rel. Baumhauer, 239 Ala. 255, 257, 194 So. 520; Scott v. Scott, 242 Ala. 361, 362, 6 So.2d 476; Altoona Warehouse Co. v. Bynum, 242 Ala. 540, 543, 7 So.2d 497; Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192; Steele v. Freeman, 250 Ala. 336, 34 So.2d 139, 140.

In the last cited case the original bill was a statutory bill to quiet title to lands. The defendant filed an answer and cross bill and in denial of the complainant's claim set up in substance, "(1) fraud in the procurement of the deed from Mrs. Freeman (the basis of the plaintiff's claim of title), of which the plaintiff and his title predecessor had knowledge or notice, thereby setting the validity of defendants' title to the lands—which averments the court ruled inadequate as an allegation of fraud and therefore sustained the grounds specially assigned thereto in the demurrer— * * *." In that case both phases of the cross-bill were defensive and in denial of the complainant's right to have relief in the form of quieting the title in himself. That is not true in this case, and this is the point of differentiation. On this basis the majority opinion observed: "The principle of the cases noted in the dissenting opinion is, of course, well understood and has not been here departed from. They are just regarded as inapposite to the pleading under consideration." 250 Ala. 338, 34 So. 2d 141.

By Local Act No. 162, approved June 17, 1943, Local Acts 1943, pp. 78–80, the legislature put county officers of Cherokee County, including the clerk of the circuit court on salaries. As to said office and officer the act provided: "The salary of the Clerk of the Circuit Court shall be One Thousand Five Hundred Dollars ($1500.00) *per annum, net.*" [Parenthesis supplied.]

Section 2 of Act No. 162, Local Acts 1943, pp. 78–80, provides: "That when this Act goes into effect each of said officers named in Section 1, of this Act shall continue to collect all legal charges, fees, costs, compensations and allowances heretofore or hereafter authorized to be collected by them or any one of them and shall pay same into the County Treasury on the first Monday of each month thereafter. * * *"

By another local law, No. 163, approved June 17, 1943, the legislature created and established a Law and Equity Court for Cherokee County, Alabama, and provided for its officers and defined their duties, etc. Section 4 of said act provided:

"Section 4. That the clerk of the Circuit Court of Cherokee County shall be ex-officio clerk of the Cherokee Law and Equity Court and shall have the powers and discharge the duties which shall devolve upon the clerks of the Circuit Courts and shall be subject to the same pains and penalties with regard to the duties of the office, and shall be entitled to the same salaries or fees, as are now, or may hereafter be allowed to Circuit Clerks of Alabama, and the same shall be collected as such fees are collected in the Circuit Courts; except that in civil mat-

ters where suit is brought for $100 or less only fees allowed Justices of the Peace shall be collected; and exercise the same powers and perform the same duties as are exercised and performed in the Circuit Court. That the Register of the Circuit Court in Equity shall be ex-officio Register of the Cherokee Law and Equity Court and shall have the powers and discharge the duties which shall devolve upon the Register of the Cherokee Law and Equity Court; and shall be subject to the same pains and penalties with regard to the duties of the office and shall be entitled to the same salaries or fees as are now or hereafter be allowed to Register of Circuit Courts in equity and the same shall be collected as such fees are collected in Circuit Courts." Acts, Local, 1943, pp. 81–82.

By a subsequent local law approved June 28, 1949, General and Local Acts of Alabama, 1949, p. 189, Act No. 162, the jurisdiction over juvenile cases was conferred on the probate court and all pending cases of that nature were transferred to that court and the Law and Equity Court was relieved of such matters and its jurisdiction over the same terminated. Section 5 of the act provides:

"Section 5. The Clerk of the Circuit Court of Cherokee County shall be, ex officio, clerk of the probate court when it is sitting as the juvenile court, and he shall keep the records of such juvenile court and its proceedings."

In another local act passed at the same time and approved on the same date, Act No. 156, General and Local Acts of Alabama, 1949, pp. 181–182, it was provided:

"Section 3. For the new, extra, and additional duties imposed upon him by this Act, the clerk of the circuit court for Cherokee County shall receive additional compensation in the amount of nine hundred dollars ($900) per annum, payable in twelve equal monthly installments out of the general fund of Cherokee County, upon warrants drawn by the board of revenue, as other county employees are paid. The extra and additional compensation provided for the clerk in this Act shall be in addition to the amount now allowed him as circuit clerk for Cherokee County under Act. No. 162, S.B. 210, approved June 17, 1943 (Local Acts of Alabama, 1943, p. 78), or any other local, general, or special act."

■ Reverting to question (1) heretofore stated, in the light of said local acts, considered in *pari materia,* which adopt by reference and preserve in force the general laws relating to the taxation of fees and costs of courts and allowances to public officers to guide the officers mentioned in computing costs and fees for the purpose of collecting and paying the same into the county treasury—clearly a question of law —the clerk of the circuit court as ex officio clerk of the Law and Equity Court of Cherokee County was not entitled to collect the same for his own use. It was his duty to collect the same and pay the money into the treasury of the county. He was and is without right to have judgment or decree for the $8,706.74, which he alleges he has previously paid to the complainant, arising from fees and costs collected by him as ex officio clerk of the Law and Equity Court.

■ Reverting to question (2), above stated, as a basis for a judgment or money decree against the complainant County of Cherokee, the cross-bill alleges, "Respondent and cross complainant avers in the alternative that if he is not entitled to the sum of $8706.74 as heretofore set out in this paragraph, that he is entitled to the sum of $1500.00 per annum for the years 1947, 1948, 1949, 1950 and 1951, or a total of $75000.00 and should have judgment therefor against the complainant and cross defendant, Cherokee County, Alabama, in this action", and the cross-bill prays for such judgment.

This averment is not an averment of fact, but is an averment of the pleader's conclusion, and assumes that the county authorities charged with the disbursement of the county's funds in the payment of salaries of the county officers have failed to perform the duties imposed on them by Act No. 162, § 1. Local Acts of Alabama.

1943, p. 78 through 79. In the absence of averments and proof to the contrary, it will be assumed that such duties have been performed. Guesnard v. Louisville & Nashville Railroad Co., 76 Ala. 453; The Modern Law of Evidence by Chamberlayne, Vol. 2, §§ 1202, 1202a, 1902b, 1203, pp. 1523–1527.

The averments above quoted fail to state facts showing either a legal or equitable cause of action. McDonald v. Mobile Life Insurance Co., 56 Ala. 468; Ex parte Gilbert, 253 Ala. 232, 234, 43 So.2d 816; Cooper v. Peak, 252 Ala. 384, 387, 41 So.2d 590.

█ Treating as true the allegations of the cross-bill, the only controversy of any kind between the county and the clerk of the circuit court relates to the failure of the clerk to collect a fee of $5 in each case wherein he performs the office of court reporter, the collection of the $3 trial tax and the failure of the clerk to pay into the proper channels the fine collected in the case of State v. Eugene Keys. These questions were left open for consideration of the trial court by the ruling on the demurrer.

The controversy in respect to the county's claim for the $8,706.74 in fees and costs collected in cases tried and determined in the Law and Equity Court, was terminated by the clerk paying the same into the county treasury.

█ Clearly the claim of the defendant for nonpayment of his salary, a claim triable in a civil action at law, cannot be made the subject of a cross-bill, unless the legal right asserted arises out of the subject matter of the original bill. Tribble v. Wood, 186 Ala. 329, 65 So. 73; Propst v. Brown, 250 Ala. 282, 34 So.2d 497.

Since the case is still pending in the circuit court on the original bill and answer and cross-bill, and the complainants have been allowed thirty days to answer, we deem it proper to affirm the ruling on the demurrer to the seventh paragraph of the cross-bill and to remand the case to the circuit court for further proceedings not inconsistent with this opinion. See opinion in Tribble v. Wood, 186 Ala. 329, 65 So. 73.

Ruling on demurrer to paragraph 7 of the cross-bill affirmed and cause remanded.

Affirmed in part and remanded.

LIVINGSTON, C. J., and STAKELY, J., concur.

LAWSON, J., concurs in the result.