68 So.2d 507

**CHEROKEE COUNTY**

v.

**CUNNINGHAM.**

7 Div. 215.

Supreme Court of Alabama.

Nov. 12, 1953.

**2**

Hugh Reed, Jr., and L. J. Cobb, Centre, for appellant.

Keener & Keener, Centre, for appellee.

MERRILL, Justice.

Appellant, Cherokee County, appealed from a final decree rendered jointly by both judges of the Ninth Judicial Circuit on an agreed statement of facts in a suit in equity for a declaratory judgment. This is the second appeal in this cause, the first being reported in 258 Ala. 30, 61 So.2d 123, where a full statement of the matters originally involved are detailed.

The agreed statement of facts follows:

"1. That the highway patrolman of the State of Alabama made an arrest of a man by the name of Eugene Keys for driving an automobile upon a public road of Cherokee County, Alabama, while intoxicated. That such case was entitled State of Alabama v. Eugene Keys, and was case No. 2157 in the Cherokee Law and Equity Court of Cherokee County, Alabama, and the defendant entered a plea of guilty and the court assessed a fine against him in the amount of $100.00.

"That respondent, W. H. Cunningham, as ex officio clerk of said court collected as fine and costs the following items in the above entitled cause, viz.:

"(a) Fine $100.00;

"(b) Arresting fee highway patrolman $2.00;

"(c) Sheriff's fee $3.00;

"(d) Court reporter's fee $5.00;

"(e) Ex-officio clerk's fee $5.00.

"It is further agreed that respondent, W. H. Cunningham as ex-officio clerk of said court failed to collect the following items as costs, viz.:

"Solicitor's fee $10.00

"Trial tax $3.00.

"2. It is agreed that complainant is authorized to institute this action, and that prior to this action being instituted both complainant and the State of Alabama have made demand upon respondent for the fine and fees collected, or that should have been collected, and that respondent, W. H. Cunningham, now holds such fine and costs, and has not paid the same either to complainant or the State Treasurer, and that therefore an actual controversy exists between the parties hereto.

"It is further agreed that this Court has jurisdiction of the parties and of the subject matter hereof, such jurisdictional matters having been admitted in the pleading on file in this cause.

"It is further agreed by and between the parties hereto that the duties of respondent, W. H. Cunningham, as such ex-officio clerk is a question of law in regard to the collection and disbursement of such funds in this said case under Local Act No. 163 approved June 17, 1943 (Local Act of Alabama of 1943 at page 81 et seq.) ; under the provisions of Title 36, Sec. 53, Code of Alabama of 1940, which is a general law passed by the Leglislature in 1927, and adopted as this particular section of the Code of Alabama of 1940 by Act No. 628 approved July 2, 1940, General Acts of Alabama 1939, page 995, under a Proclamation of Hon. Frank M. Dixon, Governor of the State of Alabama dated May 1, 1941, proclaiming that the effective date of the Code of Alabama of 1940 was May 31, 1941; under the General Law of Alabama under Title 11, Sec. 79 and 81 of the Code of Alabama of 1940 also adopted prior to said Local Act; and, under any applicable provisions of the Constitution that are properly raised under the pleadings.

"It is further agreed by and between the parties hereto that in addition to a declaratory judgment, as to duties and responsibilities of respondent, W. H. Cunningham, as ex-officio clerk in regard to the assessment, collection and disbursement of the fine, fees and costs in the case of State of Alabama v. Eugene Keyes; that the court should, to award full relief, specify the manner, mode and amount of all fees, costs and fines of all cases both civil and criminal which may hereafter be docketed in this court under said Local Act, and under the general law of the State of Alabama, and for such purpose the parties hereto do hereby submit this cause for final decree upon the pleadings and this stipulation."

Appellant's assignments of error are:

"(1) The court erred in holding that section 25 of the Cobb Act was in conflict with section 53, Title 36, Code of Alabama of 1940, and was therefore unconstitutional as violative of section 105 of the Constitution of Alabama of 1901, in its final decree dated December 17, 1952.

"(2) The court erred in its decree dated December 17, 1952, wherein it held 'That as a matter of law it is the duty of the ex-officio clerk of Cherokee Law and Equity Court to pay the fine of $100.00 collected in this cause to the State Treasurer as required by section 53, Title 36, Code of Ala., 1940;' ".

Appellee's cross-assignments of error are:

"(1) The court erred in its holding that the local law as expressed in section 38 of the Cobb Act, Local Acts of Alabama of 1943, page 81, is applicable insofar as the amount is concerned in all counties in the state because the same amount is fixed by general law, and that no conflict exists between said local law and the general law or the constitutional provision set forth in section 96 of the Constitution of 1901.

"(2) The trial court erred in holding 'that as a matter of law the court reporter's fee charged in this cause is a legal fee or charge and should be paid over to the official court reporter of Cherokee Law and Equity Court by the clerk thereof' ".

We do not respond to (1) of either the assignment or cross-assignment of error since those matters are reasons given by the court for its conclusion and are not contained in the actual decree of the circuit court as are numbers (2) of the assignment and cross-assignment. If the decree correctly determined the equities of the case, the reasons upon which the trial court proceeded are unimportant and the case will be affirmed. Garrett v. Federal Land Bank, 239 Ala. 191, 194 So. 530; Cooper v. Hawkins, 234 Ala. 636, 176 So. 329; Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872. Statements by the trial judge showing the basis on which his conclusion of fact is founded are not part of the judgment. Beasley v. Beasley, 256 Ala. 647, 57 So.2d 69. A correct decision will not be disturbed because the court gave

a wrong or insufficient reason therefor. 2 Alabama Digest 671, Appeal and Error, ☞854(2).

The sections of the Cobb Act creating the Cherokee Law and Equity Court applicable here are:

"Section 25. That from and after the passage of this act all fines and forfeitures assessed and collected in said court shall be deposited in The Fine and Forfeiture Fund of Cherokee County, Alabama."

"Section 43. That all laws, both local and general, in conflict with this Act, are hereby repealed."

Appellant contends that these two sections of the Act, approved in 1943, repeal § 53, Title 36, Code of 1940, which reads as follows:

"All fines and forfeitures collected upon conviction or upon forfeiture of bail of any person charged with a violation of any of the provisions of this chapter constituting a misdemeanor, shall be within thirty days after such fine, or forfeiture is collected forwarded to the treasurer. All amounts received from such fines or forfeitures shall be credited to the highway, patrol fund. Failure, refusal or neglect to comply with the provisions of this section shall constitute misconduct in office and shall be ground for removal therefrom. Provided that all fines and forfeitures collected by recorders courts or other municipal courts for violation of ordinances, in cities and towns of over two thousand population according to the last or any subsequent census, whether for acts constituting violations of the provisions of this chapter or not, shall be paid into the treasury of such municipality in which the same was collected."

The result reached by the circuit court relating to the fine is correct and must be affirmed. We do not agree with that court's opinion that § 25 of the Cobb Act is unconstitutional. We think that the question presented is one of statutory construction. At first glance section 25 of the Cobb Act appears to be in conflict with § 53, Title 36, supra, and § 392, Title 15, which reads:

"All fines and forfeitures shall be paid in money, and shall go to the county in which the indictment was found, or the prosecution commenced, unless otherwise expressly provided; and judgment therefor must be entered in favor of the state, for the use of the particular county."

■ Though seemingly conflicting, each section is given a field of operation. The principle is succinctly stated in Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34, 41: "It is elementary that, if there be an apparent conflict between general laws, and those dealing with a specific subject, the general law yields to the special. Both are given effect, so as not to conflict." In Miller v. State ex rel. Peek, 249 Ala. 14, 29 So.2d 411, 416, 172 A.L.R. 1356, we said: "'Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions'", and further quoting from City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159, 163, "When a specific subject has been specially provided for by law, it will not be considered as repealed by a subsequent law which deals with a general subject in a general way, though the specific subject and the special provisions may be included in the general subject and general provisions. Parker v. Hubbard, 64 Ala. 203; City Council of Montgomery v. National B. & L. Ass'n, 108 Ala. 336, 18 So. 816."

■■ In the instant case §§ 25 and 43 of the Cobb Act are general provisions and must yield to the specific provision of § 53, Title 36, which section is considered as an exception to the above noted general provisions of the Cobb Act and being "otherwise expressly provided" for under § 392, Title 15. See also Ex parte Jones, 212 Ala. 259, 102 So. 234; Herring v. Griffin, 211 Ala. 225, 100 So. 202.

■ The interpretation by the Attorney General and popular interpretation as exemplified in practice for a number of years will be given weight as a factor in judicial

construction of a statute where its meaning is doubtful. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404; Jefferson County v. Great Atlantic & Pacific Tea Co., 237 Ala. 103, 185 So. 766; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019. These interpretations are cited in the numerous annotations following § 53, Title 36, in the 1940 Code, and for aught appearing, the fines payable to the state have been so paid by the Clerk of Cherokee Law and Equity Court from the time of its creation in 1943 to the time of the filing of this suit in 1951.

Aside from the popular interpretation, there is the expression of legislative intent which is exemplified in the enactment of section 53 (1), Title 36 in 1945, and the re-enactment in effect of both sections in the 1953 legislative session. Act No. 585, approved September 11, 1953.

Another rule of construction is that "statutes should have a rational, sensible construction, if their meaning is at all doubtful." Shepherd v. Clements, 224 Ala. 1, 141 So. 255, 256. And paraphrasing the language of the court following the statement last quoted, and applying it to the case at bar, we would say: It would seem unreasonable that the lawmakers should require that fines for the violation of the "Rules of the Road" should be kept in Cherokee County but would require the fines in courts from surrounding counties to be sent to the State Treasurer for the support of the highway patrol. We can see no basis in reason or common sense for such a distinction. But we think it clear the above-noted legislative acts evidenced the intent of the lawmakers that they should be applicable throughout the state in all counties, and all fines for violation of the rules of the road made by highway patrolmen should be paid to the State Treasurer, and that practice should be uniform to all courts of such counties.

That part of the decree of the circuit court which is quoted as appellant's assignment of error No. 2 is affirmed.

Appellee urges that his cross-assignment of error No. 2 should be sustained because § 38 of the Cobb Act violates § 96 of the Constitution. The constitutional provision reads:

"The legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

Section 38 of the Cobb Act reads:

"That in all cases in said Court a Stenographer's fee of five dollars shall be charged and collected by the clerk and/or by the Register and paid to the official Court Reporter appointed for said court; provided, however, that in cases where a money judgment is sought, in civil cases of less than one hundred dollars as determined by the complaint, and in cases where there is a judgment by default, there shall be no stenographer's fee."

Section 266 of Title 13, reads:

"In all cases reported by an official court reporter or special reporter, there shall be taxed as part of the costs of the case a fee of five dollars for each day or fraction thereof that such reporter shall be engaged in reporting a case, to be collected as costs as in other cases, and, when collected, paid by the clerk of the court into the county treasury of the county in which the case is tried."

Insofar as the case of State v. Eugene Keys is concerned, and it is the only one before us, the $5 charged as a court reporter's fee would have been the same under either the general law, § 266, Title 13, or § 38 of the Cobb Act. It should be noted that this has now become a moot question. Section 38 of the Cobb Act was amended in the regular session of the 1953 legislature by Act No. 550 approved September 15, 1953. The amendment follows the language of § 266, Title 13, Code of 1940 and the question concerning the court reporter's fee should not arise in the future.

The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur.