275 So.2d 659

**Billy J. STONE**

v.

**The PERSONNEL BOARD OF JEFFERSON COUNTY, Alabama, Dan R. Hudson et al.**

**SC 139.**

Supreme Court of Alabama.

Feb. 22, 1973.

Rehearing Denied April 19, 1973.

Phillip J. Sarris, Birmingham, for appellant.

Stone, Patton & Kierce, Bessemer, for appellees.

FAULKNER, Justice.

This is an appeal from an order of the trial court denying a petition for mandamus and for writ of certiorari. We affirm the trial court.

The facts of the case are shown in the judgment of the trial court, which is herewith set out in full:

"This cause was submitted to the court for decision upon the petition and answer.

"The petition and answer show that the petitioner, a firefighter employed by the City of Mountain Brook, Alabama, suffered an acute myocardial infarction (heart attack). Petitioner filed an application with the Personnel Board of Jefferson County, Alabama, under Rule 11.7 of the Personnel Board, which reads as follows:

" 'Injury In Line of Duty: An employee who is injured while performing the duties of his position, without fault or negligence,

on his part, shall be allowed such leave with pay as the Board deems proper. Every application for such allowance shall contain a statement by the employee affirmed by his supervisor setting forth the details of the accident and supported by the certificate of a licensed physician setting forth the nature and extent of the injury and the probable period of disability. Every leave granted under the provisions of this rule shall be recorded in the Minutes of the Board and shall be entered in the roster as "Injured With Pay." ' "

"The Personnel Board denied petitioner's application for leave under Rule 11.7 but granted petitioner sick leave under Rule 11.6. The Personnel Board also approved petitioner's application for fifteen days supplemental sick leave, so that petitioner received full pay from his employer during his absence.

"The petitioner also received from his employer, the City of Mountain Brook, $564.00 as compensation on account of his alleged heart disease or heart attack.

"The petitioner contends, in effect, that Title 37, Section 450(4) of the Code of Alabama requires the Personnel Board to regard a myocardial infarction as an injury in line of duty and to grant petitioner leave with pay under Rule 11.7.

"It is the opinion of the court that Section 450(4) does not apply to the cited rules of the Personnel Board. In said Section 450(4) the term 'benefit' is defined as follows:

" 'benefit shall mean any monetary allowance, payable by a city, or from a pension system established for the firemen of a city, to a firefighter on account of his disability, or to his dependents on account of his death, irrespective of whether the same is payable under a pension law of the State or under some other law of the State.'

"Paragraph (4) of Section 450(4) reads as follows:

" 'If a firefighter who qualifies for benefits under the provisions of this act suffers disability as a result of a firefighter's occupational disease his disability shall be compensable the same as any service connected disability under any law which provides benefits for firefighters of such city injured in the line of duty. If a firefighter who qualifies for benefits under the provisions of this act dies as the result of a firefighter's occupational disease, his death shall be compensable to the same extent as the death of a firefighter killed in the line of duty.'

"Section 19 of Act 248 of the Regular Legislative Session of 1945, creating the Civil Service System in Jefferson County, provides with particularity as to vacation with pay of employees under the jurisdiction of the act. As to sick leave this section provides simply:

" 'The rules and regulations shall contain provisions for granting permanent employees sick leave with pay and for leave without pay.'

"Pursuant to Section 19 of Act 248 the Personnel Board adopted Rule 11.6 dealing with sick leave with pay. This rule specifically provides as follows:

" 'Sick leave with pay is not a right for which an employee may make demand, but a privelege [sic] granted by the Board in accordance with prescribed rules and regulations, which may be changed from time to time, as the best interests of the service demand.'

"The court is of the opinion that Section 450(4) of the Code was not intended to apply to rules 11.6 and 11.7 as such rules do not involve any 'benefit' as defined in the act, that is, a 'monetary allowance payable by a city, or from a pension system.' These rules simply provide for leaves of absence with pay at the employee's regular rate of pay, and prevent the loss of salary or wages because of illness.

"It seems clear that Section 450(4) was intended to apply to pension benefits or 'monetary allowances' of a similar nature 'payable' by a city under some law of the State.

"The court is unable to find that the Personnel Board acted in an arbitrary manner in denying petitioner leave for injury in line of duty under Rule 11.7, and in granting petitioner sick leave with pay under Rule 11.6.

"It is therefore considered and ordered by the Court, and it is the judgment of the Court, that the petitioner's prayer for a Peremptory Writ of Mandamus and for a Writ of Certiorari and Supersedeas be and is hereby denied.

"It is therefore, considered, ordered and adjudged by the Court that the defendants go hence and recover of the petitioner the costs in this behalf expended, for all of which execution may issue."

Appellant's Assignments of Error are as follows:

"(1) That the trial court erroneously held that 1958 Code of Alabama, as amended, Title 37, Section 450(4) does not apply to Rules 11.6 and 11.7 of the Jefferson County Personnel Board.

"(2) That the trial court's ruling denying benefits to Appellant-fireman was contrary to 1958 Code of Alabama, as amended, Title 37, Section 450(4).

"(3) That the trial court construed the word 'Benefit' in 1958 Code of Alabama, as amended, Title 37, Section 450(4) contrary to the legislative intent.

"(4) That the trial court erroniously [sic] held that 1958 Code of Alabama, as amended, Title 37, Section 450(4) was intended to apply only to pension benefits or 'monetary allowances' of a similar nature payable by a city under some law of the State.

"(5) That the trial court misinterpreted Rules 11.6 and 11.7 of the Jefferson County Personnel Board in holding that both rules were intended to provide only for leaves of absence with pay at the employee's regular rate of pay, and prevent the loss of salary or wages because of illness.

"(6) That the trial court erred in finding that the Personnel Board did not act in an arbitrary manner in denying petitioner leave for injury in the line of duty under Rule 11.7 of the Jefferson County Personnel Board.

"(7) That the trial court's ruling is in direct conflict with, and totally disregards the findings of competent physicians.

"(8) That the trial court's ruling is in direct conflict with, and totally disregards the findings of Appellant's superiors."

■ In assigning errors the appellant must specify the action of the trial court which he would have this court review. Stapleton v. Stapleton, 282 Ala. 62, 209 So.2d 202 (1968); Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639 (1947); Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397 (1914). All of appellant's Assignments of Error refer to statements or reasons of the trial court in reaching his conclusion. This court has consistently held that statements by the trial court showing the basis on which his conclusion of fact is founded are not part of the judgment. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507 (1953); Beasley v. Beasley, 256 Ala. 647, 57 So.2d 69 (1952). Assignments of error which do not refer to any ruling of the trial court will not be considered on appeal. All American Life & Casualty Co. v. Dillard, 287 Ala. 673, 255 So.2d 17 (1971); McCullar v. Conner, 287 Ala. 455, 252 So.2d 422 (1971); United Insurance Company of America v. Pounders, 279 Ala. 410, 186 So.2d 125 (1965).

■ We therefore hold that the appellant has not presented this court with any error of the trial court to be considered on this appeal. McLaney v. Turner, 267 Ala. 588, 104 So.2d 315 (1958); Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290 (1955).

Affirmed.

MERRILL, HARWOOD and MAD-DOX, JJ., concur.

HEFLIN, C. J., concurs specially.

HEFLIN, Chief Justice (concurring):

In following prior decisions, the court has decided this case on technicalities rather than on the merits of the case. I reluctantly concur, but reaffirm the views that I expressed in my concurring opinion in Midstate Homes v. Roberts, et al., 288 Ala. 86, 257 So.2d 333.

